UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| WILLIE JONES, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV414-263 |
| | ) | CR413-007 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Moving to vacate his conviction under 28 U.S.C. § 2255, Willie Jones at first claimed that his lawyer ignored his instruction to file a direct appeal from his drug conspiracy conviction. CR413-007, doc. 673 at 4 ("Counsel did not appeal or file the notice of appeal when instructed by the movant.").[1] Upon preliminary review under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court directed his lawyer, Tony Siamos, to explain in an affidavit why he failed to file a Notice of Post-Conviction Consultation Certification ("Notice"). It also directed the government to ensure Siamos' compliance. Doc. 679 at 5. Upon Siamos'

---

[1] The Court is citing only to the criminal docket and using its docketing software's pagination; it may not always line up with each paper document's printed pagination.

compliance, the Court intended to turn back to Jones to declare, under penalty of perjury, any disagreement with Siamos' attestations. *Id.* at 5 (citing *Mingo v. United States*, 2014 WL 4926278 at * 1 (S.D. Ga. Oct. 1, 2014) ("Within 21 days of the date this Order is served, Mingo must -- on the attached form to be returned -- affirm or rebut [his lawyer's] sworn assertions, then sign it under 28 U.S.C. § 1746. . . .")). Finally, it reminded Jones that he signed his § 2255 motion under penalty of perjury, doc. 673 at 13, and that § 2255 movants who lie to this Court may be prosecuted. Doc. 679 at 6.

Jones now moves to "withdraw and strike" his claim that he instructed Siamos to file a direct appeal from his drug conspiracy conviction. Doc. 682. The government responds by excusing its obligation to ensure that Siamos comply, unless directed otherwise. Doc. 689. The Court declines to direct otherwise, and **GRANTS** Jones' "withdraw and strike" motion. Doc. 682.

Jones also "wishes not to further waste . . . unnecessar[i]ly [the] Court's financial resources in case matter CR413-007." Doc. 682 at 1. But he is unclear whether that means he is abandoning the remaining two counts of his § 2255 motion. No matter, as they are without merit.

In the remaining part of Ground One (the part that he did not just withdraw), he "laundry lists" his pre-appeal, ineffective assistance of counsel claim[2] against Siamos: "Counsel failed to object to the P.S.I. Report. The objection was in regard to an invalid prior conviction." Doc. 673 at 4. *Which* prior conviction? And *how*, within the meaning of the

---

[2] Even within an IAC claim, Jones must surmount several hurdles:

> To establish ineffective assistance, a defendant must show deficient performance and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On the first prong, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. To establish prejudice, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

*Winthrop-Redin v. United States*, 767 F.3d 1210, 1219 (11th Cir. 2014). And conclusory and "laundry-listed" claims simply go nowhere:

> "Those who seek habeas relief cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations)." *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v. United States*, 2013 WL 6234694 at * 2-3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone); *see also Johnson v. Razdan*, 2014 WL 1689021 at * 2 (11th Cir. Apr. 30, 2014) ("Although *pro se* briefs are to be construed liberally, a *pro se* litigant who offers no substantive argument on an issue in his initial brief abandons that issue on appeal.").

*Hopkins v. United States*, 2014 WL 2624425 at * 1 n. 3 (S.D. Ga. June 12, 2014).

showing he must make, *see* n. 2, did that prejudice him? This claim is denied on pleading grounds alone.

Jones' next and final claim -- that the Court "subjected [him] twice for the same prior offense[, thus] committing double counting," doc. 673 at 5, is procedurally defaulted since he took no appeal. A § 2255 motion, it must be remembered, may not be used as a "surrogate" for a missed direct appeal. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004); *see Stone v. Powell*, 428 U.S. 465, 478 n.10 (1976) (28 U.S.C. § 2255 will not be allowed to do service for an appeal). To overcome procedural default, a defendant must show cause and prejudice. For cause he must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004). A meritorious claim of ineffective assistance of counsel can constitute cause. *United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000); *United States v. Voltare*, 2014 WL 7069153 at * 4 (N.D.Fla. Dec. 11, 2014). Jones raises no such claim here.

Accordingly, Jones' § 2255 motion should be **DISMISSED WITHOUT PREJUDICE**. Doc. 673. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should likewise be **DENIED**. 28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED** this 28th day of January, 2015.

*[signature]*
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**