IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                       ) | CASE NO. CR413-007 |
| ) | |
| WILLIE JONES,            ) | |
| ) | |
| Defendant.          ) | |
| _____ ) | |

## O R D E R

Before the Court is Defendant Willie Jones's Motion for Compassionate Release (Doc. 931), which the Government opposes (Doc. 933). For the following reasons, Defendant's motion (Doc. 931) is **DISMISSED**.

**BACKGROUND**

On August 19, 2013, Defendant Jones pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, crack cocaine, and marihuana in violation of 21 U.S.C. § 846. (Doc. 399.) Defendant was sentenced to 151 months' imprisonment, followed by 5 years of supervised release. (Doc. 487.) According to the BOP website, Defendant is currently incarcerated at the Federal Correctional Institution ("FCI") Estill in Estill, South Carolina with a projected release date of August 19, 2023. See BOP Inmate Locator, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited on July 7, 2020).

**ANALYSIS**

Defendant seeks compassionate release due to the COVID-19 pandemic. (Doc. 931 at 1.) Defendant argues that he has served more than eighty percent of his sentence, has taken many courses while in the Federal Bureau of Prisons ("BOP"), has obtained his GED, and has maintained good conduct. (Id.) Defendant generally claims that he "has the requirements due to the information that Attorney General Mr. Barr has mention[ed] due to the COVID-19 pandemic" and that he "is afraid for his life due to the virus." (Id.) The Government opposes Defendant's request and argues that Defendant has failed to exhaust his administrative remedies and has not provided evidence of any qualifying medical conditions as required under U.S.S.G. § 1B1.13. (Doc. 933.)

The Court finds that Defendant's motion must be dismissed. The Court agrees with the Government that Defendant has presented no evidence that he has exhausted his administrative remedies or has a qualifying medical condition. First, Defendant does not claim that he ever sought compassionate release before the warden. 18 U.S.C. § 3582(c)(1)(A) provides that the Court can reduce the term of imprisonment upon

> motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

2

Additionally, 28 C.F.R. § 571.61 requires an inmate seeking a compassionate release to submit a written request to the prison's warden. At a minimum, the inmate's request must contain "[t]he extraordinary or compelling circumstances that the inmate believes warrant consideration;" and "[p]roposed release plans, including where the inmate will reside, how the inmate will support himself/herself, and, if the basis for the request involves the inmate's health, information on where the inmate will receive medical treatment, and how the inmate will pay for such treatment." Id. § 571.61(a). In this case, Defendant has not claimed that he sought a reduction in his sentence based on compassionate release before the BOP. As there is no evidence that Defendant has presented his request for compassionate release to the warden, Defendant has not exhausted his administrative remedies and the Court must dismiss Defendant's motion. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020); United States v. McCloskey, No. 4:18-CR-260, 2020 WL 3078332, at *5 (S.D. Ga. June 9, 2020).

Moreover, even if Defendant had exhausted his administrative remedies, he has not provided "extraordinary and compelling reasons" that warrant a reduction in his sentence. Under § 3582(c)(1)(A), a court may order a sentence reduction where the court determines, upon consideration of the factors

3

set forth in 18 U.S.C. § 3553(a), that "extraordinary and compelling reasons" exist and the defendant does not present a danger to the safety of any other person or the community. See U.S.S.G. § 1B1.13. In its consideration of compassionate release, the Court is constrained by the applicable policy statements issued by the United States Sentencing Commission. See 18 U.S.C. § 3582(c)(1)(A). The application notes to the applicable policy statement list three specific examples of extraordinary and compelling reasons to consider a reduction of sentence under § 3582(c)(1)(A): (1) a serious medical condition; (2) advanced age; and (3) family circumstances. U.S.S.G § 1B1.13 n.1(A)-(C). A fourth catch-all category provides: "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the aforementioned three categories. Id. n.1(D). For a medical condition to qualify as an extraordinary and compelling reason, the condition must "substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and [is one] from which he or she is not expected to recover." U.S.S.G. § 1B1.13, n.1(A)(ii).

Here, Defendant has not alleged that he has any medical condition much less a medical condition that meets these criteria. Moreover, the Court does not find that COVID-19 is in

4

and of itself an extraordinary and compelling reason to warrant compassionate release. See Raia, 954 F.3d at 597 ("[T[he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive professional efforts to curtail the virus's spread."). Accordingly, without additional medical evidence, the Court would deny Defendant's motion on the merits as well.

## CONCLUSION

Accordingly, based on the foregoing, Defendant's Motion for Compassionate Release (Doc. 931) is **DISMISSED**.

SO ORDERED this 8th day of July 2020.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA